UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
FRANK AMATO,                       :   16 Civ. 6768 (LAP)(HBP)
                                   :
                Plaintiff,         :
                                   :   MEMORANDUM & ORDER
        v.                         :
                                   :
NANCY A. BERRYHILL,                :
                                   :
                Defendant.         :
                                   :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-3-19

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiff Frank Amato ("Plaintiff" or "Amato") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") and disability insurance benefits ("DIB").

I.  Factual Background

In the administrative proceedings below, Administrative Law Judge Mark Hecht ("ALJ") determined that while the Plaintiff's impairments were severe, his condition did not meet the clinical requirements of any impairment defined in the Social Security Administration ("SSA") Regulations and that he possessed the residual functional capacity to perform light work of a simple, routine, and repetitive nature. (SSA Administrative Record

1

("Admin. Record"), dated Apr. 10, 2017 [dkt. no. 11 at 22].) The parties cross-moved for judgment on the pleadings and dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Plaintiff's Motion for Judgement on the Pleadings ("Pl. Mot."), dated July 25, 2017 [dkt. no. 16]; Defendant's Motion for Judgement on the Pleadings ("Def. Mot."), dated Sept. 25, 2017 [dkt. no. 17].) On December 1, 2017, the Honorable Henry B. Pitman, United States Magistrate Judge, issued a Report and Recommendation ("Report"), [dkt. no. 19], finding that the ALJ failed explicitly to address Plaintiff's borderline age situation. The Report recommended that the Commissioner's motion for judgment on the pleadings be denied, the Plaintiff's motion for judgement on the pleadings be granted, and the case be remanded for further proceedings. (Id. at 68-72.) Familiarity with the facts, which are set out in the Report, is assumed. (Id. at 2-40.)

Defendant submitted objections to the Report on December 15, 2017. (Defendant's Objection to Report and Recommendations ("Def. Objec."), dated Dec. 15, 2017 [dkt. no. 21].) Plaintiff responded with objections on January 5, 2018. (Plaintiff's Objection to Report and Recommendation ("Pl. Objec."), dated Jan. 5, 2018 [dkt. no. 25].) The Commissioner responded to Plaintiff's objections on January 19, 2018. (Defendant's

Response, dated Jan. 19, 2018 [dkt. no. 26].) The Court rejects the objections of both Amato and the Commissioner and adopts the Report to the extent consistent with this Order.

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must "make a de novo determination" of any portion "of the report or specified proposed findings or recommendations" that a party objects to. Id.; see Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in Section 636(b)(1) permits "whatever reliance a district judge, in the exercise of sound judicial discretion, cho[o]se[s] to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. 667, 676 (1980). A district judge can afford the magistrate judge's Report and Recommendation a degree of deference. Id. When a "party makes only conclusory or general objections, or simply reiterates the original arguments," the Court only reviews the Report and Recommendation for clear error. Covington v. Warden, Five Points Corr. Facility, No. 11CIV8761ATFM, 2016 WL 3407845, at *1 (S.D.N.Y. June 16, 2016) (quoting Rivera v. Colvin, No. 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014)).

Here, the Court reviews the Commissioner's findings to assess whether "there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Flynn v. Comm'r of Soc. Sec. Admin., 729 F. App'x 119, 120 (2d Cir. 2018) (quoting McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted)); see also 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If supported by substantial evidence, the ALJ's findings must be upheld "even where the administrative record may also adequately support contrary findings on particular issues." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010).

II. Objections

A. Plaintiff's Objections

Amato raises two objections. First, Amato asserts that the ALJ "completely neglected" to address an August 2013 report from Dr. Ken Sanford's recommending that Plaintiff required a cane. (Pl. Objec. at 4.) Second, Amato argues that the Report

4

mischaracterizes his nonexertional limitations as mild. (Id. at 7-8.)

1. Report of Dr. Sanford

Amato argues that the ALJ "completely failed to acknowledge Dr. Sanford's . . . report." This objection is without merit. Amato concedes that he raised this objection prior to the issuance of the Report. (Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Pl. Brief"), dated July 24, 2017 [dkt. no. 15], 19-20); Pl. Objec. at 4.) The Report already addressed and dismissed this objection in significant detail. (Report at 56-61.) The Court reviews the Report for clear error and, finding none, overrules this objection. Covington, 2016 WL 3407845 at *1.

2. Nonexertional Limitations

Amato characterizes the Report as a "post-hoc argument sponsored by the Commissioner in an effort to support the decision denying benefits." (Pl. Object. at 8.) The Court must have received a different Report. The Report the Court reviewed explicitly considered Amato's "moderate difficulties" in his concentration, persistence, or pace, as well as his "mild restrictions" in his social functioning and daily living. (Report at 63-64.) The Report concluded that "substantial

5

evidence" supported the ALJ's position, including "evidence in the medical record show[ing] that plaintiff's memory problems did not significantly limit plaintiff's range of potential employment." (Id. at 64.) The Court finds that the Report demonstrates an even-handed and methodical review of the medical record and rejects Amato's mischaracterization of it as a "post-hoc argument." (Pl. Objec. at 8.) The Court finds the Report's findings to be entirely supported and overrules this objection. Raddatz, 447 U.S. at 676.

B.  Defendant's Objection

The Commissioner challenges Magistrate Judge Pitman's determination that the ALJ erred by failing to consider Amato's borderline age. (Def. Objec. at 7.) The SSA has issued regulations stating that it "will not apply the age categories mechanically in a borderline situation" and "will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case" if the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled." 20 C.F.R. §§ 404.1563(b), 416.963(b); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983). When applicable, the ALJ must "identify whether" the claimant

6

represents "a borderline situation and . . . address the implications of the timing of [the] decision." Metaxotos v. Barnhart, No. 04 CIV. 3006 (RWS), 2005 WL 2899851, at *8 (S.D.N.Y. Nov. 3, 2005). Remand is appropriate when the ALJ fails to do so and "there is a significant likelihood that non-mechanical application would have resulted in a finding of disability." Waldvogel v. Comm'r of Soc. Sec., No. 6:16-CV-0868 (GTS), 2017 WL 3995590, at *12-14 (N.D.N.Y. Sept. 11, 2017).

The first question is whether Amato is in a borderline situation. Several courts within the Second Circuit have found that claimants within three months of a new age category are in borderline situations. Waldvogel, 2017 WL 3995590 at *11 (N.D.N.Y. Sept. 11, 2017); Davis v. Shalala, 883 F. Supp. 828, 838 (E.D.N.Y. 1995) (three months borderline); Hill v. Sullivan, 769 F. Supp. 467, 471 (W.D.N.Y. 1991) (three months borderline). Amato "was born on May 5, 1960 and was approximately two months from his 55th birthday at the date of the ALJ's . . . decision." (Report at 67.) This warrants the application of borderline age category considerations "[p]ursuant to the guidance from our sister courts." Waldvogel 2017 WL 3995590 at *12.[1]

---

[1] The Commissioner acknowledges that "this case presented a borderline age situation." (Def. Objec. at 7.)

Because the Court agrees with the Report's finding that Amato was in a borderline situation at the time of the decision, the next question is whether the SSA considered Amato's borderline situation and "address[ed] the implications of the timing of [the] decision." Metaxotos 2005 WL 2899851 at *8; see also Waldvogel 2017 WL 3995590 at *12; Grace v. Astrue, 11 Civ. 9162 (ALC) (MHD), 2013 WL 4010271 at *24 (S.D.N.Y. July 31, 2013).

As explained by the Eighth Circuit in Phillips v. Astrue, "like the issue of whether a borderline situation exists, the case law on the Commissioner's duties in considering such a situation varies." 671 F.3d 699, 704-707 (8th Cir. 2012). While the Sixth and Ninth Circuit Courts of Appeals support the proposition that an explicit discussion is not required so long as consideration can be inferred from the ALJ decision, there are Third, Eighth, and Tenth Circuit Courts of Appeals decisions that adopt the opposite position; that no meaningful review can occur if there is no explicit finding. The Second Circuit Court of Appeals has not taken a clear position on the issue.[2]

---

[2] Metaxotos v. Barnhart, No. 04 CIV. 3006 (RWS), 2005 WL 2899851, at *8 (S.D.N.Y. Nov. 3, 2005) ("Courts have further held that because it is the Commissioner who bears the burden at step five, it is her burden to establish that a case is not a borderline case where she relies on the medical vocational rule to deny a claim. . . . Because the ALJ failed to identify whether this was a borderline situation and failed to address the implications of the timing of her decision, a remand is appropriate.").

8

The Commissioner admits that the ALJ did not explicitly consider plaintiff's borderline age but invites the Court to find such consideration by inference. (Def.'s Obj. at 9.) Furthermore, the Commissioner argues that the ALJ's citation to the relevant regulation, statement of Amato's age, and consideration of other vocational factors offers this Court sufficient grounds to conclude that the borderline age was considered. (Id.) In support of this proposition, the Commissioner cites to <u>Bowie v. Commissioner of Social Security</u>, 539 F.3d 395 (6th Cir. 2008). There, the Sixth Circuit considered a case where the ALJ found a claimant was a "younger individual" and cited § 404.1563, but otherwise did not discuss the claimant's age characterization, even though the claimant was within two months of the next category. Id. at 397.

According to the Sixth Circuit:

> While an ALJ may need to provide, in cases where the record indicates that use of a higher age category is appropriate, some indication that he considered borderline age categorization in order to satisfy a reviewing court that his decision is supported by substantial evidence, § 1563(b) does not impose on ALJs a per se procedural requirement to address borderline age categorization in every borderline case.

<u>Id.</u> at 399.

Notably, while ALJs are not to apply the categories mechanically, the court determined "nothing in this language

9

obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination" because the regulations only require the Commissioner to "'consider' veering from the chronological-age default in borderline situations." Id. The court found further support in the internal regulations, which note, "'[t]he adjudicator need not explain his or her use of the claimant's chronological age.'" Id. at 400 (quoting HALLEX II-5-3-2, 2003 WL 25498826).

Despite the lack of a procedural requirement to make factual findings, Bowie acknowledged ALJs must still "provide enough explanation of their overall disability determinations to assure reviewers that their decisions are supported by substantial evidence" and "lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence." Id. at 400-01.

As an example, the court cited a scenario where an individual has additional vocational adversities which might warrant placement in a higher age category; in that situation, Bowie recognized "some discussion of proper age categorization [was merited] in order to meet the substantial-evidence threshold." Id. at 401. However, because the claimant in Bowie did not have any additional vocational adversities, the court

10

concluded the ultimate benefits determination was supported by substantial evidence. Id.; see also Caudill v. Comm'r of Soc. Sec., 424 F. App'x 510, 516-518 (6th Cir. 2011) (noting although the claimant was about two months from the next category and his case drew similarities to the hypothetical posed in Bowie, "the ALJ provided a sufficient explanation of his disability determination to assure the court that his decision was supported by substantial evidence").

The Commissioner also points to the Ninth Circuit decision in Lockwood v. Comm'r SSA, 616 F.3d 1068 (9th Cir. 2010), where it concluded the ALJ satisfied the requirement to consider the older age category based on her mention of the claimant's date of birth, age category of "closely approaching advanced age," and cite to § 404.1563. Id. at 1071-72. The court noted, "[c]learly the ALJ was aware that [the claimant] was just shy of her 55th birthday, at which point she would become a person of advanced age." Id. at 1072. The court disagreed with the Tenth Circuit to the extent the ALJ was required to do more than "show [] that she considered whether to use the older age category." Id. at 1072 n.4.

While Bowie and Lockwood support the Commissioner's position, preceding case law casts doubt on the issue. In Kane v. Heckler, the Third Circuit Court of Appeals remanded because the ALJ failed to address 20 C.F.R. § 404.1563(a). 776 F.2d

11

1130 (3d Cir. 1985). Because this consideration could alter the disability finding, the court stated "judicial approval of these standards is premised on the assurance that SSA will not employ [the grids] to produce arbitrary results in individual cases." Id. at 1134. Although the court did not specify what findings are required, it remanded for the ALJ to consider which category to apply under the circumstances of the case. Id.

Furthering the import of Kane, the Tenth Circuit also remanded in a borderline situation in Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998). By failing to consider the borderline situation, the Tenth Circuit determined the Commissioner misapplied the law by relying on the grids. Id. at 1135. In sum, the court concluded, "[l]ike any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence." Id. at 1136.

In a similar fashion, the 8th Circuit remanded for further proceedings in a borderline situation in Phillips v. Astrue, 671 F.3d 699, 704-707 (8th Cir. 2012). The court stated that "simply noting [plaintiff's] age and her current age category fails to answer the precise question at hand –whether her borderline situation warranted moving her to the next category." Id; (citing Bowie, 539 F.3d at 404 (Moore, J., dissenting))

("[i]n a case in which the claimant's age indicates that he or she might well fall within a borderline age category, the ALJ's failure to note that the ALJ has considered whether a claimant falls within a borderline category and, if so, whether bumping the claimant up is warranted, constitutes a failure to offer findings of fact and reasons for the decision."

Adopting the position taken by the Eighth Circuit in Phillips, we are more persuaded by the Daniels and Kane line of reasoning than Bowie and Lockwood, largely for the reasons set forth in the Bowie dissent. Namely, whether the Commissioner must set forth specific findings is a different question from whether there is something in the record to indicate the Commissioner considered applying the higher age category. But see Lewis, 666 F. Supp. 2d at 736 ("If application of the higher category would result in a finding of 'disabled,' the ALJ is required to make a factual finding as to whether the higher category should be used."). Such consideration is particularly important in Amato's case because he would likely be entitled to the benefits he seeks if it were determined that he is in the advanced age bracket.

Given the fact that ALJ explicitly failed to consider Amato's borderline age situation, this Court cannot complete this review without some showing as to the Commissioner's

13

consideration of applying the higher age category, which she indisputably is required to do. See Lucas v. Barnhart, 184 F. App'x 204, 208 (3d Cir. 2006) ("Because the record does not contain factual findings relevant to the § 404.1563(b) inquiry into whether [the claimant] was entitled to consideration under Rule 202.06 as a borderline age case, we conclude that the SSA's decision that he is ineligible for benefits under that rule *prior* to his 55th birthday, July 15, 2003, is unsupported by substantial evidence.")(emphasis in original); Cox v. Apfel, 166 F.3d 346 at *4 [published in full-text format at 1998 U.S. App. LEXIS 31318] (10th Cir. 1998) (unpublished)("[B]ecause plaintiff was within six months of the next age category, that is, advanced age, at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids.").

Indeed, a mere statement by the Commissioner that she considered the borderline situation would likely suffice. See Van Der Maas v. Comm'r of Soc. Sec., 198 F. App'x 521, 527 (6th Cir. 2006)("The ALJ . . . determined that 'it is not appropriate to consider the claimant to be an individual of advanced age on her date last insured for benefits.'"). This Court agrees with the Report in that the appeal board's conclusory statement does little to alleviate concerns about the ALJ's initial disregard

14

of the borderline age situation and subsequent denial of benefits. See Hitchcock v. Comm'r of Soc. Sec. Admin., No. 09-551, 2009 U.S. Dist. LEXIS 118504, 2009 WL 5178806, at *10 (W.D. Pa. Dec. 21, 2009) ("[S]ince there is no discussion as to Plaintiff's borderline age, substantial evidence does not exist in the record to support that the ALJ did not mechanically apply the Medical-Vocational Guidelines."); Schiel v. Comm'r of Soc. Sec., 267 F. App'x 660, 661 (9th Cir. 2008) (unpublished) (concluding the record did not provide a sufficient basis for review because the transcripts and decision did not show any consideration of the borderline age situation).

Accordingly, The Report and Recommendation is accepted, and Plaintiff's motion is granted, Defendant's motion is denied, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

SO ORDERED.

Dated:  New York, New York
        September 3, 2019

_____
LORETTA A. PRESKA
Senior United States District Judge

15